IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN BLANKENSHIP, o/b/o C.V., | ) | CASE NO. 5:09 CV 499 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Carolyn Blankenship, on behalf of C.V.,[1] for supplemental security income.  The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, determined that C.V. had severe impairments consisting of ADHD and a mood disorder.[2]  Relevant to this case, the ALJ decided that these impairments did not functionally equal the listings in Appendix 1 of the regulations.[3]  The ALJ, therefore, found C.V. not under a disability.[4]

---

[1] Under Local Civil Rule 8.1(a)(2) minor children are to be identified only by initials.

[2] Transcript ("Tr.") at 17.

[3] *Id.*

[4] *Id.* at 23.

C.V. asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, C.V. argues that substantial evidence does not support the finding that he had a less than marked impairment in the attending and completing tasks domain.

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**1.      Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

---

[5] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner survives "a directed verdict" and wins.[6]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[7]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.    Functional equivalency for purposes of children's supplemental security income claims**

Functional equivalency to a listing for purposes of a child's claim for supplemental security income is governed by 20 C.F.R. § 416.926a.  Under the regulation, for a child between 6 and 12 years of age, the inquiry is whether the impairment imposes an extreme or marked limitation in connection with six domains – acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being.[8]  If a claimant has an extreme limitation in one of these domains or a marked limitation in two domains, he or she is considered functionally equivalent to a listing and, therefore, disabled.[9]

---

[6] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[8] 20 C.F.R. § 416.926a(b)(1).

[9] 20 C.F.R. § 416.926a(d).

**3.     Substantial evidence supports the ALJ's finding that C.V.'s impairments are not functionally equivalent to a listing.**

At the time of the ALJ's decision, C.V. was 10 years old.[10]  For purposes of the applicable regulations, therefore, C.V. fell within the category of school-aged child age 6 to attainment of age 12.

The ALJ found that C.V. had a marked limitation in the "interacting and relating with others" domain.[11]  He found no limitation in the "caring for oneself," "moving about and manipulating objects," and "health and physical well-being" domains.[12]  In the "acquiring and using information" and "attending and completing tasks" domains, he found C.V.'s limitations less than marked.[13]

C.V. challenges the findings with respect to one of the domains – attending to and completing tasks.  He argues that substantial evidence in the record supports at least a marked limitation in that domain.

As counsel for C.V. acknowledged during the oral argument, the evidence relating to the attending and completing tasks domain is mixed.  The child, C.V., has been enrolled in

---

[10] Tr. at 17, 23.

[11] *Id.* at 21.

[12] *Id.* at 22.

[13] *Id.* at 19, 20.

regular classes and, for the most part, achieved B and C grades in those classes.[14]  Although C.V. has ADHD, it appears to be well controlled through medication.[15]

There are some indications of problems.  A school psychologist did an evaluation in October of 2005 that showed deficiencies in attending to and completing tasks.[16]  A pediatrician, Rajyalakshmi Rambhatla, M.D., documented difficulties in November of 2007 during which C.V. achieved grades of only Ds and Fs.[17]  In June of 2007, he was doing well and earned grades of A, B, and C on his report card.[18]  There are indications that, by December of 2007, C.V. was responding well to a change of medication.[19]  It appears that, by February of 2008, the doctor took him off of this new medication because of side effects and put him on Ritalin.[20]  There are no reports after that.  This limited period, from late 2007 to early 2008, does not meet the 12-month durational requirement.

Given the mixed evidence summarized above, I cannot conclude that substantial evidence does not support the ALJ's finding that C.V. had a less than marked limitation in the "attending and completing tasks" domain.

---

[14] Tr. at 162, 177, 197, 199, 241.

[15] *Id.* at 173-77, 199.

[16] *Id.* at 162, 164.

[17] *Id.* at 231.

[18] *Id.* at 241.

[19] *Id.* at 228.

[20] *Id.* at 226-27.

There is also a motion to remand based on a 2008 record generated after the hearing. The records shows C.V. off task during a task 53% of a 15-minute time frame.[21] This is an isolated observation. This single observation does not meet the materiality requirement for a remand because there is not a reasonable probability that the ALJ would have reached a different decision if presented with this record.[22]

## Conclusion

Substantial evidence supports the finding of the Commissioner that C.V. had no disability. Accordingly, the decision of the Commissioner denying C.V. children's supplemental security income is affirmed.

IT IS SO ORDERED.


Dated: April 21, 2011                                      s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge

---

[21] *Id.* at 278-79.

[22] *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).